UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

BRITTANY CASH,
Plaintiff,
-vs-
LAURENS COUNTY, SOUTH CAROLINA; LAURENS COUNTY SHERIFF'S OFFICE; PHILLIP TOLLISON; SHERIFF DON REYNOLDS; VERA LAWSON; JOSHUA COGDILL; SCOTT WEEKS; and DON EVANS;
Defendants.

Civil Action No. 6:23-cv-1235-DCC-TER

**ORDER**

## I. INTRODUCTION

In this action, Plaintiff alleges claims under 42 U.S.C. § 1983 for violations of her Fourth and Fourteenth Amendment rights as well as state law claims, all stemming from sexual misconduct she experienced while training to work as a detention deputy at the Laurens County Detention Center (LCDC). Presently before the Court are Defendants' Amended Motion for Protective Order (ECF No. 55) and Plaintiff's Motion to Compel Reopening of Don Evans's Deposition (ECF No. 62). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(l)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. A hearing was held on August 28, 2024.

## II. RELEVANT FACTS

The Amended Complaint alleges that in August 2020, Plaintiff was hired as a LCDC Deputy. Despite not being certified, a fellow detention officer, Defendant Phillip Tollison, was assigned to

train her on her first day on the job. While conducting pat down training alone with Plaintiff in a locked uniform room, Tollison sexually assaulted her and made inappropriate comments to her. After the misconduct was reported, there was an internal investigation, and Tollison resigned. Thereafter, SLED was contacted and began its investigation. Tollison was eventually prosecuted for some of his inappropriate sexual misconduct against Plaintiff and for also secretly recording five other female detention center deputies while they changed clothes in what they believed was a private space. Tollison pled guilty to six counts of Misconduct in Office and five counts of Voyeurism.

Plaintiff alleges a First Cause of Action under § 1983 for unlawful search and seizure by Tollison, a Second Cause of Action alleging a § 1983 violation against Tollison for invasion of privacy, a Third Cause of Action under § 1983 against Tollison, alleging an Equal Protection iolation. There is another Cause of Action designated as a Third Cause of Action under § 1983, alleging Failure to Intervene against Sheriff Reynolds, Vera Lawson, Joshua Cogdill, Don Evans, and Scott Weeks, a Fourth Cause of Action alleging a Monell claim against Sheriff Reynolds and Laurens County, a Fifth Cause of Action alleging Battery against Tollison, a Sixth Cause of Action alleging Intentional Infliction of Emotional Distress against Tollison, and a Seventh Cause of Action alleging Constructive Fraud and Misrepresentation against Tollison.

The Motion for Protective Order arises from two lines of questioning during the deposition of Defendant Don Evans. During the deposition, counsel for Plaintiff, Cynthia Crick, questioned Evans as to any prior arrests. Evans admitted he had been arrested in 2015 and charged with Criminal Domestic Violence, Second Degree. The case was later dismissed and an expungement order was issued. When counsel for Plaintiff questioned Evans about the name of the complainant in that arrest,

defense counsel, Russell Harter, directed Evans not to respond to the question. Evans Dep. 246-48 (ECF No. 66-1). In his objection and direction not to answer, counsel for Defendant referenced a previous order in this case by Judge Austin[1] (discussed below). Id.

Plaintiff's counsel also questioned Evans about two alleged victims of Defendant Tollison's sexual offenses or conduct. Defense counsel again instructed Evans not to state these victims' names and again referenced Judge Austin's order. Evans Dep. 161; 169-70. During the hearing, the parties agreed to resolve this issue by providing the names of these two victims under the confidentiality order already in place in this case. Thus, the only issue before the court in this motion is whether the identity of the victim in Evans's 2015 arrest is subject to a protective order.

Similar issues arose earlier in this case during the deposition of Defendant Laurens County's Rule 30(b)(6) designees. Defense counsel directed the designees not to respond to (1) questions regarding the identities of other victims of sexual misconduct by employees of Defendant Laurens County and Defendant Laurens County Sheriff's Office and (2) to questions about the identities of the offender and victim of sexual misconduct that is subject to an expungement order. Order pp. 2-3 (ECF No. 52). Defendants filed a Motion for Protective Order (ECF No. 29). The Court ruled that "the privacy rights of the other victims outweigh Plaintiffs interest in learning their identities, particularly where Defendants have provided information about the circumstances of other instances of sexual misconduct." Order p. 11. It further ruled that "South Carolina's expungement statute does not bar Defendants from disclosing the identity of the offender accused of sexual misconduct that is subject to an expungement order" but "the identity of the victim should not be disclosed, as discussed above." Order p. 15.

1 Judge Austin was the previously assigned Magistrate Judge in this case.

## III. DISCUSSION

### A. Motion for Protective Order

Rule 26 of the Federal Rules of Civil Procedure provides that, unless otherwise limited by court order, parties

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(l). Rule 26(c)(l) allows a court, upon a showing of good cause, to enter an order protecting "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Additionally, Rule 26(b)(2)(C) provides that "the court must limit the frequency or extent of discovery" if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1 ).

The party seeking a protective order must show good cause, and the standard for issuing a protective order is high. United Prop. & Cas. Ins. v. Couture, No. 2:19-cv-01856-DCN, 2021 WL 5141292, at *2 (D.S.C. Nov. 4, 2021). "[I]n determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." Id. (internal quotation marks omitted). Whether to enter a protective order is committed to the sound discretion of the trial court. Fonner v. Fairfax County, 415

F.3d 325, 331 (4th Cir. 2005).

Federal Rule of Civil Procedure 30(c)(2) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."2 Local Civil Rule 30.04(C), D.S.C., states that "[c]ounsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or limitation on evidence directed by the Court or unless counsel intends to present a motion under Fed. R. Civ. P. 30(d)(l)."

Plaintiff argues that counsel for Defendants improperly directed Evans not to answer the question at issue because the reason for directing him not to answer does not fall within one of the enumerated reasons allowed under Federal Rule 30(c)(2) and Local Rule 30.04(C). See Hulsey v. Home Team Pest Defense LLC, No. 2:10-cv-03265-DCN, 2012 WL 1533759, *2 (D.S.C. May 1, 2012) (citing Local Rule 30.04(C) ("In fact, because plaintiff's counsel did not object based on the three permissible grounds, she had an 'affirmative duty' to inform her client that the question 'must be answered.'")). However, one of the grounds enumerated under both Federal Rule 30(c)(2) and Local Rule 30.04(C) is to enforce a limitation on evidence ordered by the court. With respect to the question regarding the identity of the victim of Evans's 2015 arrest, defense counsel raised the objection and directed Evans not to answer:

**Q. And what was your ex's name? Or I guess your ex - -**

---

2 Rule 30(d)(A) provides,

> At any time during a deposition, the deponent of a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

MR. HARTER: No, I don't think we're going there. Do we? I don't think so.

MS. CRICK: Based on what? It's public record.

MR. HARTER: Well, if it is, then you know it. Okay? But I think there's an expungement order.

MS. CRICK: You can object.

MR. HARTER: I'm sorry. I think there's an expungement order in this case. I haven't seen it, but I believe there is.

MS. CRICK: I haven't either.

MR. HARTER: Okay. I haven't seen it. I believe there is, and I believe that Judge Austin directed in another matter involving an expungement order that the name of the victim was not discoverable.

MS. CRICK: She has not made that ruling in this particular situation, so we can ask.

Mr. Harter: Well, I'm going to tell you, based on that, I'm going to instruct him not to provide the name of the victim for the reasons I indicated and we will ask Judge Austin again to help us with that to the extent necessary ...

Evans Dep. 247-48. After further discussion between counsel, Evans did not answer the question and counsel for Plaintiff moved on with her questions. Evans Dep. 248-49.

Plaintiff argues that Judge Austin's previous order was applicable only to the issues before her in the previous motion for protective order and was not a blanket prohibition on all discovery relating to victim names. Whether Judge Austin's order is specifically applicable to the issues raised in the present motion is discussed below. However, given the similarity between the questions subject to the previous protective order and those raised in Evans's deposition, it was at least reasonable for counsel to believe that the issues were covered by Judge Austin's previous order.

The next question, then, is whether Judge Austin's order is, in fact, a blanket protective order applicable to all further discovery in this case. It is important to first understand what the order does,

and does not, hold. The first issue in that order that is relevant here3 was questions regarding the identities of other victims of sexual misconduct by employees of Defendant Laurens County and Defendant Laurens County Sheriff's Office. After recognizing that determining whether a protective order is appropriate, courts must "balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production," Order p. 11 (quoting United Prop. & Cas. Ins., 2021 WL 5141292, at *2 (internal quotation marks omitted), Judge Austin held that Defendants' interest in protecting the privacy of sex crime victims by not disclosing their identities outweighed Plaintiff's interest in gaining information regarding other instances of sexual misconduct by employees to establish liability through a pattern or practice. Id. Judge Austin found this balance weighed in favor of protecting the names of sex crime victims especially where, as here, Defendants had no objection to providing information regarding the circumstances surrounding other incidents of sexual misconduct by employees aside from victim names. Id. (citing Pryor v. Harper, No. 19-1387, 2021 WL 3563372, at * 3 (W .D. Pa. Aug. 12, 2021) (concluding that disclosure of the identities of sexual assault victims was not warranted where information related to the assaults had been provided and the victims' identities did "not add information sufficient to overcome the factors weighing against disclosure")). The order specifically refers to protecting the identity of sex crime victims.

Next Judge Austin considered whether the names of an offender and the victim of sexual misconduct should be protected when the misconduct at issue was subject to an expungement order. She found that, under South Carolina law expunged records may be disclosed when allowed by court order and, thus, South Carolina's expungement statute does not bar Defendants from disclosing the

3 The order also addressed an issue regarding attorney-client privilege, but that portion of the order is not relevant here.

identity of the offender. Order p. 15. She held that the identity of the victim of that sexual misconduct should not be disclosed for the reasons discussed previously in the order. Id. Thus, the existence of an expungement order is not what bars the identity of the sexual misconduct victim, but, instead, the privacy interests of said victim when balanced against the needs of the requesting party.

Importantly, nothing in Judge Austin's order specifically states that she intended the ruling to apply across the board to the identities of all sex crime victims that may be discussed in this case. This is supported by the fact that Judge Austin limited her ruling to facts before her at the time, i.e., victims of sexual misconduct by employees of Defendants Laurens County and Laurens County Sheriff's Office. Further qualifying her ruling was the fact that Defendants otherwise had "no objection to providing information regarding the circumstances of other incidents of sexual misconduct by employees, and, indeed, the Rule 30(b)(6) designees provided details about other incidents during the deposition without provide the victims' names." Order p.11. Thus, the questions at issue in Evans's deposition did not directly violate Judge Austin's order.

However, that is not to say that the same reasoning used by Judge Austin does not apply here. The victim of Evans's misconduct that led to his arrest in 2015 is different from the victims discussed in Judge Austin's order in one respect-there is no evidence in the record before the court that any sexual misconduct was involved with this victim. As stated above, when determining whether a protective order is warranted, the court must balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production. United Prop. & Cas. Ins., 2021 WL 5141292, at *2. Plaintiff argues that information regarding this arrest is necessary because it involves alleged violence towards a woman by Evans, Tollison's supervisor at the LCDC, and it concerns possible bias Evans may have for or

against Laurens County, SLED, and the Eighth Circuit Solicitors office. Defendants do not argue what interest they have in keeping this victim's name confidential other than citing, without discussion, to Judge Austin's previous order and to the Pretrial Intervention Act, S.C. Code Ann. § 17-22-10 et seq. As stated above, Judge Austin's order was not a blanket protective order nor are the facts here the same as those at issue in that order. Further, to the extent Defendant intends to rely on any expungement order[4] regarding the 2015 arrest, the South Carolina Supreme Court has held that "the expungement statute 'does not apply to any recordation of historical events beyond the charge itself.'" Grey v. Jaddou, No. 2:18-cv-01764-DCN, 2022 WL 1751369, *5 (D.S.C. May 31, 2022). "In other words, 'the facts precipitating the charge are not covered by this statute because they are mere events that exist irrespective of any criminal proceedings.'" Id. Accordingly, Defendants have failed to meet their burden of showing that a protective order is proper with respect to disclosing the identity of the victim of Evans's 2015 arrest[5], and their motion is denied in that respect.

**B. Motion to Compel Reopening of Don Evans's Deposition**

Plaintiff argues that because Defendants' direction to Evans not to respond to the question discussed above was improper, Plaintiff should be allowed to reopen the deposition to further question Evans on the issue. She also argues that Defendants should be responsible for the attorney's fees and costs of her filing this motion and of reopening the deposition. As discussed above, the undersigned finds that Defendants' motion for protective order is not proper as to the name of the victim of Evans's conduct leading to his 2015 arrest. However, the only information withheld with respect to that topic was the name of the victim. Defendants argue that Evans answered all of the

4 Counsel for Defendant asserted during the deposition that he believed there was an expungement order. Evans Dep. 246-48.

5 During the hearing, it was noted that counsel for Plaintiff learned via the internet that the victim of Evans's 2015 arrest was his wife at the time. However, Evans was married at least twice and counsel is unaware of which wife

questions posed to him about that arrest other than providing the name of the victim. The deposition shows that the line of questioning regarding the 2015 arrest occurred from pages 21-32 and then from pages 241-49. Defendants argue that there is no portion of the deposition where Evans was asked details about the 2015 arrest that were not answered aside from the name of the victim. While Defendants have failed to meet their burden of showing why the name of this particular victim should be withheld from disclosure, Plaintiff fails to show why it is necessary to reopen the deposition when the response to the question can easily be provided in writing. Plaintiff does not argue that there were questions regarding the 2015 arrest that she could not ask without first knowing the name of the victim, nor did Plaintiff's counsel make any such indication during the course of the deposition itself. For these reasons, Plaintiff's motion to reconvene the deposition of Evans is denied but granted to the extent Evans shall provide the name in written form and subject to the confidentiality order previously entered in this case.

## IV.     CONCLUSION

For the reasons discussed above, Defendants' Amended Motion for Protective Order (ECF No. 55) is resolved in part and **DENIED** in part, and Plaintiff's Motion to Compel Reopening of Don Evans's Deposition (ECF No. 62) is **DENIED.**

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 16, 2024
Florence, South Carolina

---

was involved in the 2015 incident.