UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BRITTANY CASH,<br><br>           Plaintiff,<br><br>-vs-<br><br><br>LAURENS COUNTY, SOUTH CAROLINA; LAURENS COUNTY SHERIFF'S OFFICE; PHILLIP TOLLISON; SHERIFF DON REYNOLDS; VERA LAWSON; JOSHUA COGDILL; SCOTT WEEKS; and DON EVANS;<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 6:23-cv-1235-DCC-TER<br><br><br><br>**ORDER** |

      In this action, Plaintiff alleges claims under 42 U.S.C. § 1983 for violations of her Fourth and Fourteenth Amendment rights as well as state law claims, all stemming from sexual misconduct she experienced while training to work as a detention deputy at the Laurens County Detention Center (LCDC). Presently before the Court is the LCDC Defendants' (Joshua Cogdill, Don Evans, Laurens County Sheriff's Office, Laurens County, South Carolina, Vera Lawson, and Don Reynolds) Motion to Compel (ECF No. 101). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(l)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

      The LCDC Defendants seek an order compelling Plaintiff to pay the costs associated with deposing the LCDC Defendants' expert witness, Kevin Jones. Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure provides:

      (E)    Payment. Unless manifest injustice would result, the court must require that
                the party seeking discovery:

> (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and
>
> (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Subsection (ii) above does not apply as Rule 26(b)(4)(D) addresses experts employed only for trial preparation and who are not expected to be called as a witness. However, subsection (i) applies because Rule 26(b)(4)(A) provides that a party may depose any person who has been identified as an expert whose opinions may be presented at trial such as Jones.[1]

The LCDC Defendants identified Jones as an expert in jail operations on November 27, 2023. On December 14, 2023, after coordinating with counsel for the LCDC Defendants, Plaintiff's counsel noticed Jones's deposition for January 22, 2024, beginning at 9:30 am at Plaintiff's counsel's office in Columbia, South Carolina. Notice of Deposition (ECF No. 101-3). Jones appeared for his deposition on January 22, 2024, which began at 9:30 am and concluded at 3:28 pm. Jones Dep. Excerpts (ECF NO. 101-4). Following the deposition, Jones provided Plaintiff's counsel with a copy of his bill totaling $4,860. Jones Aff. ¶ 7 (ECF No. 101-8). It included $3,600 for the deposition, $660 for copying costs at $0.20 per page, and $600 for labor of copying those pages.[2] Invoice (ECF No. 101-5). Plaintiff has not paid the requested expert witness fees.

Plaintiff argues that the rule does not require that costs for discovery other than depositions,

---

[1] "Courts have generally found that 'manifest injustice' occurs only where the deposing party is indigent or if requiring the party to pay a deposition fee would create an undue hardship." First S. Bank v. Fifth Third Bank, N.A., No. CIV.A. 7:10-2097-MGL, 2014 WL 3868000, at *2 (D.S.C. Aug. 6, 2014), aff'd sub nom. First S. Bank v. Fifth Third Bank NA, 631 F. App'x 121 (4th Cir. 2015) (citing Harris v. San Jose Mercury News, Inc., 235 F.R.D. 471, 473 (N.D.Cal.2006)).

[2] Jones's expert report, provided to Plaintiff, included his hourly rate of $300 per hour for case review and report writing and $3,600 per day spent on site, traveling, and/or meeting with attorneys. Expert Report Excerpt (ECF No. 101-2).

2

such as the copies made by Jones pursuant to a subpoena, be paid by the party requesting the discovery. Plaintiff further argues that only subsection (ii), which is inapplicable here, requires payment of "expenses." Thus, she argues, she should only be responsible for Jones's fees for the deposition and not the costs and labor for copying documents. As to the deposition fee, Plaintiff argues she should be responsible only for the time Jones was being deposed, 5.2 hours, at his hourly rate of $300 per hour and not for time spent at lunch or during breaks.

"The goal of Rule 26(b)(4)(E) is 'to calibrate the fee so that one party will not be hampered in efforts to hire quality experts, while the opposing party will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert.'" McGinn v. Broadmead, Inc., No. CV SAG-23-02609, 2024 WL 5118414, at *15 (D. Md. Dec. 16, 2024) (quoting Anthony v. Abbott Labs., 106 F.R.D. 461, 465 (D.R.I. 1985)); see also Fleming v. United States, 205 F.R.D. 188, 189 (W.D. Va. 2000). "The party seeking reimbursement bears the burden of showing the requested fees and expenses are reasonable. [. . .] Ultimately, it is in the Court's discretion to set an amount for payment that it deems reasonable." First S. Bank, 2014 WL 3868000, at *3 (internal citations omitted).

With respect to the flat-fee charge of $3,600 for Jones's deposition, other courts that have addressed the issue have concluded that "a flat fee does not comply with the intent of Rule 26(b)(4)(E)(i), which requires 'some reasonable relationship between the services rendered and the remuneration to which an expert is entitled.'" Fint v. Brayman Constr. Corp., No. 5:17-CV-04043, 2019 WL 124835, at *2 (S.D.W. Va. Jan. 7, 2019) (quoting Anthony v. Abbott Labs., 106 F.R.D. 461, 464 (D.R.I. 1985)). "[A] flat fee runs counter to this principle." Mannarino v. United States, 218 F.R.D. 372, 375 (E.D.N.Y. 2003) (holding "[i]t is simply not reasonable to require parties in every case to pay the same amount regardless of the actual 'services rendered' or 'time

3

spent complying with the requested discovery.' "); see also Massasoit v. Carter, 227 F.R.D. 264, 267 (M.D.N.C. 2005) (stating that "a flat fee does raise a red flag with respect to whether expert fees are reasonable, and requires the Court to closely scrutinize the situation" and noting that because most depositions vary and are not routinized, "a flat fee is not normally reasonable."); Nnodimele v. City of New York, No. 13–CV–3461, 2015 WL 4461008, at *2 (E.D.N.Y. July 21, 2015) ("Flat fees are disfavored because courts expect some reasonable relationship between the services rendered and the remuneration to which an expert is entitled.") (internal quotations and citation omitted); Dinkel v. MedStar Health, Inc., No. CV 11-0998 (CKK-AK), 2014 WL 12792993, at *7 (D.D.C. Mar. 20, 2014) (agreeing with other courts that a flat fee does not ensure what Rule 26 requires—a reasonable relationship between the services rendered and the remuneration to which the expert is entitled).

Charging a flat fee of $3,600 for a six hour deposition (inclusive of breaks) doubles Jones's normal hourly rate of $300 to $600. In line with the cases cited above, the undersigned finds that the $3,600 flat fee is not reasonable because it does not align with 26(b)(4)(E)(i)'s purposes. However, in general, an expert's hourly rate for professional services is a reasonable rate for deposition. See Fint, 2019 WL 124835, at *3 (finding that the hourly rate of $385 set forth in the expert's fee schedule was reasonable for a deposition as compared to the flat rate of $5,000); Burgess v. Fischer, 283 F.R.D. 372, 373 (S.D. Ohio 2012) ("[I]n general, '[a]n expert's regular hourly rate for professional services is presumptively a reasonable rate for deposition.' ") (quoting Bonar v. Romano, No. 2:08-cv-560, 2010 WL 4280691, at *1 (S.D. Ohio Oct. 25, 2010) ); also Farace v. Am. Airlines, Inc., No. 2:10-CV-00724-KJD, 2011 WL 3841438, at *1–2 (D. Nev. Aug. 29, 2011) (holding "[a]n expert's hourly rate for professional services is presumptively a reasonable hourly rate for deposition.") (quoting Barrett v. Nextel Communications, Inc., 2006

4

WL 374757 (E.D. Mich. 2006)). The hourly rate charged by Jones is in line with the rates of the expert witnesses named by Plaintiff,[3] and Plaintiff does not argue that the rate of $300 per hour is unreasonable. Thus, the undersigned finds that Jones's hourly rate of $300 is reasonable for his deposition.

Next, Plaintiff argues that Jones should not be compensated for the 45 minutes total that were taken during the deposition for breaks and lunch. However, because Jones was required to be available "not just during actual questioning but also during various breaks, the hours off the record are part of the relevant deposition time." de Fernandez v. Seaboard Marine, Ltd., No. 20-25176-CIV, 2023 WL 2692418, at *3 (S.D. Fla. Mar. 13, 2023) (counting 2.03 hours worth of breaks as deposition time); see also Auto Rentals, Inc. v. Keith Huber, Inc., No. 1:10CV385, 2012 WL 12854841, at *1 (S.D. Miss. Jan. 10, 2012) (awarding breaks as part of the expert's deposition time); but see Knight v. Kirby Inland Marine Inc., 482 F.3d 347, 356 (5th Cir. 2007) (holding it was not an abuse of discretion for a district judge to subtract time spent at lunch or recess from an expert witness's billed deposition time). As set forth above, Jones's deposition began at 9:30 am and concluded at 3:28 pm. Thus, it is reasonable for Plaintiff to pay Jones $300 per hour for 6 hours, totaling $1,800, for his deposition pursuant to Rule 26(b)(4)(E)(i).

Jones also charged for copying 3,300 pages of documents at a rate of $0.20 per page for a total of $660 and for 2 hours of labor in making those copies at $300 per hour for a total of $600. Plaintiff argues that Rule 26(b)(4)(E)(i) does not require the party requesting discovery to pay for "expenses" such as making photocopies. As stated above, Rule 26(b)(4)(E)(i) provides "that the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)," and Rule 26(b)(4)(A) provides that "a

---

[3] Rates charged by Plaintiff's experts range from $120 per hour for office assistants, $250 per hour for research assistants, and between $250 to $475 per hour for experts. See Fee Schedules (ECF Nos. 101-9, 101-10, 101-11).

5

party may depose any person who has been identified as an expert." Plaintiff notes that subsection (ii), not applicable here, uses the words "fees and expenses" while subsection (i) uses only "fees." Thus, she argues, subsection (i) must not require the party requesting discovery to pay <u>expenses</u> related to an expert witness's deposition.[4]

Courts within the Fourth Circuit appear not to have addressed the question of whether other expenses incurred in connection with an expert witness deposition are included under subsection (i). Courts outside this Circuit addressing the issue are split as to whether time spent by an expert gathering documents in response to a subpoena is compensable under Rule 26(b)(4)(E). <u>Compare</u> <u>O'Neal v. Century Ins. Co.</u>, No. 13-00058 ACK-RLP, 2015 WL 12697660, at *3 (D. Haw. Aug. 31, 2015) (holding that there is no mention under Rule 26(b)(4) of compensation for an expert's time spent responding to a subpoena for documents and, therefore, costs for such time are not compensable under the rule); <u>Young v. Liberty Mut. Grp. Inc.</u>, No. CV-12-02302-PHX-JAT, 2015 WL 12669890, at *2 (D. Ariz. Jan. 8, 2015) (time spent responding to a subpoena duces tecum not compensable under Rule 26(b)(4)(E)); <u>Healthier Choice Flooring, LLC v. CCA Glob. Partners, Inc.</u>, No. 1:11-CV-2504-CAP, 2013 WL 12101905, at *21 (N.D. Ga. Jan. 4, 2013), report and recommendation adopted, No. 1:11-CV-2504-CAP, 2013 WL 12108229 (N.D. Ga. Jan. 30, 2013) (declining to award expenses for time responding to a subpoena where it was "undisputed that the experts were not deposed in connection with the subpoenas") <u>with</u> <u>Thorne v. Union Pac. Corp.</u>, No. 1:15-CV-561-RP, 2018 WL 11422083, at *2 (W.D. Tex. Sept. 27, 2018) (holding that "[t]ime an expert spends responding to a deposition subpoena is time spent preparing for that deposition" and, thus, "is compensable under Rule 26(b)(4)(E)(i), so long as it is reasonable"); <u>Moore v. Safeco</u>

---

[4] It is not exactly clear from the record what the 3,300 pages of documents were in response to. The LCDC Defendants state only that they were documents requested by Plaintiff, Plaintiff says they were in response to a subpoena, and the invoice states they were "all requested notes a material" (sic). Nevertheless, it appears undisputed that the documents were requested by Plaintiff.

6

Ins. Co. of Am, No. 11CV01891DMGAJWX, 2013 WL 12158376, at *1 (C.D. Cal. Jan. 10, 2013) ("Time spent responding to discovery under Rule 26(b)(4)(A) includes time spent gathering documents responsive to a deposition subpoena."); Chicago Tchrs. Union, Loc. 1, Am. Fed'n of Tchrs., AFL-CIO v. Bd. of Educ. of City of Chicago, No. 12 C 10338, 2020 WL 13608315, at *5 (N.D. Ill. May 29, 2020) (allowing payment under Rule 26(b)(4)(E) for time spent collecting documents that could "fairly be characterized as deposition preparation [as they] clearly related to the … expert's opinion and the questions defendant intended to ask about it at the deposition"). Though courts within the Fourth Circuit have not addressed this precise issue, they do hold generally that an expert's time preparing for a deposition is compensable under Rule 26(b)(4)(E). See, e.g., First S. Bank, 2014 WL 3868000, at *4. Though neither party directly addresses whether the documents provided by Jones were related to his deposition, it appears from his affidavit that they were. See Jones Aff. ¶¶ 4-6 (stating that he received a deposition notice and was asked to provide copies of materials) and ¶ 9 (requesting that the court require Plaintiff to pay for his "time and expenses in appearing and responding to the notice of deposition issued by Plaintiff's counsel"). Because time spent preparing documents requested in connection with a deposition is time preparing for a deposition, the undersigned agrees with Defendant that it is compensable under Rule 26(b)(4)(E).[5]

Not at issue in the cases cited above is the per-page costs for copying materials. However, courts have held that Rule 26(b)(4)(E)(i) requires payment only for an expert's time, not other costs or expenses. See, e.g. Nester v. Textron, Inc., No. 1:13-CV-920 RP, 2016 WL 6537991, at

---

[5] In her response, Plaintiff argued that counsel "did not believe it was appropriate to personally reimburse a county employee for copies when he was using the time and resources of Kershaw County." Pl. Resp. p. 3; see also Barbier Email to Harter (ECF No. 101-6 p. 4) ("I believe that he made these copies using the time and resources of Kershaw County and did not incur any expense to himself."). At that time, Jones was the Director of the Kershaw County Detention Center. See Expert Report Excerpt (ECF No. 101-2). The LCDC Defendants state only that "the Plaintiff is responsible for those charges regardless of how those charges were incurred and/or handled by Kevin Jones." Def. Reply p. 2.

7

*4 (W.D. Tex. Nov. 3, 2016) (finding that travel-related costs, such as the cost of a plane ticket or hotel room, did not fall within the scope of the rule, but allowing fees for travel time and time preparing for the deposition). The undersigned agrees. The $660 charged for the copying of 3,300 pages does not fall within the fees payable under Rule 26(b)(4)(E)(i).[6] The time expended by Jones in making those copies does. However, charging the same hourly rate for the administrative task of making copies as Jones charges for his professional services as an expert generally is not reasonable, and Defendants fail to show why it would be reasonable under the circumstances presented in this case. Courts have generally held that time billed for things such as travel or administrative tasks should be billed at a rate lower than what the expert charges for his professional services. See, e.g., Mannarino v. United States, 218 F.R.D. 372, 374 (E.D.N.Y. 2003) ("The general rule ... is that compensation for travel time should be half the regular hourly amount charged."); Mendez-Caton v. Caribbean Fam. Health Ctr., 340 F.R.D. 60, 73 (E.D.N.Y. 2022) (reducing an expert's rate for making phone calls and sending emails to half of the regular hourly rate); cf. Boos v. Prison Health Servs., 212 F.R.D. 578, 580 (D. Kan. 2002) (declining to apply the same hourly rate for an expert's preparation time as his deposition time and finding that $200 per hour was appropriate for preparation time compared to the expert's typical hourly rate of $500). In line with these cases, an hourly rate of $150—half of Jones's usual rate of $300—is reasonable for the administrative task of copying documents.

      In sum, Plaintiff is responsible for "a reasonable fee for time spent [by Jones] in responding to discovery" related to his deposition noticed by Plaintiff pursuant to Rule 26(b)(4)(E)(i). For the reasons set forth above, the LCDC Defendants' Motion to Compel (ECF No. 101) is **GRANTED** in part. A reasonable fee for Jones's time includes $300 per hour for six hours of deposition time,

---

[6] Even if it did, there is insufficient evidence in the record to show that the per-pay fee charged is reasonable.

totaling $1,800 and $150 per hour for two hours of copying 3,300 pages of documents, totaling $300, for a total fee of $2,100. Plaintiff is directed to pay Kevin Jones $2,100 within fifteen days of the date of this order.[7]

      **IT IS SO ORDERED**.

                                                                                   s/Thomas E. Rogers, III
                                                                                   Thomas E. Rogers, III
                                                                             United States Magistrate Judge

February 14, 2025
Florence, South Carolina

---

[7] The LCDC Defendants also seek costs and fees incurred in filing the present motion. Because the motion was granted in part and denied in part, the undersigned declines to award fees and costs. See Fed.R.Civ.P. 37(a)(5)(C) (providing that the court may apportion "reasonable expenses" when a motion to compel is granted in part and denied in part); Harrison v. Carrington Mortg. Servs., LLC, No. 3:16CV14, 2017 WL 1612135, at *1 (W.D. Va. Apr. 28, 2017) (unpublished) (recognizing that it is within the court's discretion whether to apportion expenses under Rule 37(a)(5)(C)).