IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Brittany Cash, ) | C.A. No. 6:23-cv-01235-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Laurens County, South Carolina; ) | |
| Laurens County Sheriffs Office; Phillip ) | |
| Tollison; Sheriff Don Reynolds; Vera ) | |
| Lawson; Joshua Cogdill; Scott Weeks; ) | |
| and Don Evans, ) | |
| ) | |
| Defendants ) | |
| ) | |

This matter is before the Court for review of the Magistrate Judge's Reports and Recommendation. ECF Nos. 113, 115. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On January 24, 2025, the Magistrate Judge issued a Report as to Plaintiff's Partial Motion for Summary Judgment recommending that the Court deny in part and grant in part the Motion. ECF No. 113 at 17, 32. In the same Report, the Magistrate recommended the Court grant Defendants Laurens County, South Carolina; Laurens County Sheriffs Office; Sheriff Don Reynolds; Vera Lawson; Joshua Cogdill; Scott Weeks; and Don Evans's (collectively, the "Moving Defendants") Motion for Summary Judgment. *Id*. at 32. On January 28, 2025, the Magistrate Judge issued a Report as to Plaintiff's Motion to Exclude Expert Witness recommending the Court grant

in part and deny in part the Motion. ECF No. 115. Plaintiff filed objections to both Reports from the Magistrate Judge. ECF Nos. 117, 119. The Moving Defendants filed Replies to Plaintiff's Objections and Plaintiff filed a Sur-Reply.[1] ECF Nos. 126, 127, 128. For the reasons set forth below and at the hearing held before the Court on March 20, 2025, the Court adopts in part and finds moot in part the Magistrate Judge's Report concerning the Parties' Motions for Summary Judgment and adopts the Magistrate Judge's Report concerning Plaintiff's Motion to Exclude Expert Witness.

## I.  BACKGROUND

The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable law in the Report, which the Court incorporates by reference and supplements as needed below.[2] The Court also incorporates by reference the arguments and findings from the hearing held on March 20, 2025.

On March 26, 2024, the Moving Defendants filed their Motion for Summary Judgment and Plaintiff filed her Partial Motion for Summary Judgment. ECF Nos. 73, 76. Prior to the Magistrate Judge entering a Report on the pending dispositive motions, Plaintiff filed three discovery motions — a Motion to Exclude the Moving Defendants' expert witness, a Motion for Leave to Name a Rebuttal Expert Witness, and a Motion to Compel. ECF Nos. 79, 99, 100. Plaintiff did not argue in her discovery Motions or replies that the pending Motions for Summary Judgment could not be decided prior to a ruling on her discovery Motions. ECF Nos. 79, 83, 99, 100, 108, 109. On January 24, 2025, the

---

[1] This document is labeled as a reply to a response, but it is actually a sur-reply.
[2] The Court notes that Plaintiff specifically objected to portions of the Magistrate Judge's recitation of facts. ECF No. 117 at 7–9. While it does not affect the outcome of this order, the Court declines to adopt these portions of the recitation of facts by the Magistrate Judge at this time.

Magistrate Judge issued the Report on the Motions for Summary Judgment. ECF No. 113. On January 28, 2025, the Magistrate Judge issued a Report on the Motion to Exclude the Moving Defendants' expert witness, noting that the Report would be moot if the Report on the Motions for Summary Judgment was adopted by the Court.[3] ECF No. 115. There has been no Report or Order issued as to Plaintiff's other two pending discovery Motions. In her objections, Plaintiff contends the Report on the Moving Defendants' Motion for Summary Judgment was premature because her discovery Motions had not yet been decided. ECF No. 117 at 2. On March 20, 2025, the Court held a hearing as to Plaintiff's Motion for Leave to Name a Rebuttal Expert Witness and Motion to Compel. ECF Nos. 129, 131. At the hearing, the Court orally granted in part and denied in part Plaintiff's Motion to Compel and granted Plaintiff's Motion for Leave to Name a Rebuttal Expert Witness. ECF No. 131.

## II. APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

---

[3] For the reasons outlined below, the Court finds the Moving Defendants' Motion for Summary Judgment should be denied with leave to refile based upon the Court's limited reopening of discovery. Therefore, the Magistrate Judge's Report pertaining to Plaintiff's Motion to Exclude is not moot.

The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

### III.  DISCUSSION

**A. Plaintiff's Motion for Summary Judgment**

The Magistrate Judge recommends that Plaintiff's Motion for Partial Summary Judgment as to Defendant Phillip Tollison be denied with respect to her § 1983 claim for unlawful search and seizure and be granted with respect to liability on all other causes of action.  ECF No. 113 at 17.  The Parties were advised of the procedures and requirements for filing objections to the Report and serious consequences for failing to do so.  ECF No. 113-1 at 1.  Tollison filed no objections to the Magistrate Judge's Report and Plaintiff does not raise any objections to this portion of the Magistrate Judge's Report.  *See* ECF No. 117.  The time to file objections has passed.  Because there are no objections to this portion of the Magistrate Judge's Report, the Court will review the Report only for clear error.  *Diamond*, 416 F.3d at 315.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Magistrate Judge's recommendation that Plaintiff's Motion for Partial Summary Judgment as to Tollison

4

should be denied in part and granted in part. See ECF 113 at 11–17. Accordingly, the Court adopts this portion of the Report.

**B.  The Moving Defendants' Motion for Summary Judgment**

The Magistrate Judge recommended that the Moving Defendants' Motion for Summary Judgment be granted. ECF No. 113. In her objections, Plaintiff contends the Report on the Moving Defendants' Motion for Summary Judgment was premature under Federal Rule of Civil Procedure 56(d) because her discovery Motions had not yet been decided. ECF No. 117 at 2. At the hearing held on March 20, 2025, the Court orally granted in part and denied in part Plaintiff's Motion to Compel and granted Plaintiff's Motion for Leave to Name a Rebuttal Expert Witness. ECF No. 131. The Court found Plaintiff's Motions were timely[4] and that, based upon the preference that cases should be decided on their merits after full and fair discovery, the Motions should be granted in part to allow limited discovery. As to the Motion to Compel, the Court found Plaintiff's requests as stated were overly broad. However, the Court found Plaintiff's requests for emails related to Tollison and any alleged prior incidents with other identified victims, his criminal prosecution, and his subsequent termination were clearly relevant and not disproportionate to the needs of the case. The Court directed Defendants to complete an appropriate email search related to employees who would have naturally been in involved in these matters, and the Parties were directed to meet and confer on appropriate search terms. Id. As to Plaintiff's Motion for Leave to Name a Rebuttal Witness, the Court

---

[4] The Court notes that such Motions were found to have been timely filed as the Magistrate Judge specifically granted Plaintiff leave of Court to file them. ECF No. 96. Furthermore, as discussed at the hearing, there is ample evidence in the record of the unique circumstances in this case involving misdirected emails and other communication issues related to the filing of these Motions.

5

directed Plaintiff, if she determined a rebuttal expert was still necessary after reviewing this Order, to provide the name and relevant information to Defendants by April 1, 2025. *Id.* The Court reopened discovery through May 16, 2025, as to the email search and rebuttal expert. *Id.*

Based on the foregoing, the Court found that Plaintiff's arguments concerning prematurity under Rule 56(d) were meritorious and denied the Moving Defendants Motion for Summary Judgment without prejudice with leave to refile upon completion of this limited discovery. *Id.* As a result, the Court finds moot the portions of the Report addressing the Moving Defendants' Motion for Summary Judgment.

## C. Plaintiff's Motion to Exclude Expert Witness

The Report recommends that Plaintiff's Motion to Exclude the expert witness testimony of Kevin Jones be granted in part and denied in part. ECF No. 115. Relying on Federal Rule of Evidence 702, the Magistrate Judge concluded that Jones's expert testimony as to the standard of care and practices regarding Laurens County Detention Center's ("LCDC") operations was based on sufficient facts or data because he based his opinions on evidence of record. *Id.* at 5, 8. Accordingly, the Magistrate Judge concluded complete exclusion of Jones's opinion on these matters was not proper. *Id.* at 7, 8. However, the Magistrate Judge recommended that portions of Jones's testimony should be excluded and parts of his expert report stricken because they amounted to impermissible legal conclusions or were based upon facts not sufficiently supported by the record. *Id.* at 11, 14. Specifically, the Magistrate Judge concluded that Jones's opinions on whether Tollison was acting outside the course and scope of his duties, violated clearly established federal and state criminal laws, and bore sole responsibility

for these actions should be stricken from his expert report. *Id.* at 11. Furthermore, the Magistrate recommended exclusion of certain testimony by Jones concerning his opinion of the incident between Tollison and Plaintiff because Jones lacked sufficient knowledge to opine on those facts. *Id.* at 13–14.

Plaintiff filed objections to the Report. Plaintiff contends that her Motion should have been granted in its entirety, and objects to the Magistrate Judge's (1) determination that Jones's expert testimony should not be excluded in its entirety based on his personal bias towards Plaintiff; (2) determination that there is "some evidence" from which Jones based his opinion regarding LCDC's training being compliant; (3) determination that Plaintiff's arguments regarding Jones's opinion that LCDC provides all required training goes to weight and not admissibility; and (4) failure to address Plaintiff's arguments that Jones's opinions will not assist the jury and create confusion. Defendants did not file any objections to the Report. *See* ECF No. 119. Plaintiff does not appear to contest whether Jones is sufficiently qualified by training and experience to testify as an expert as to the standard of care and practices for detention center operations; in any event, the Court finds him to be so qualified. *Id.* In response to Plaintiff's objections, the Moving Defendants contend the Report is correct in its finding that Jones is a proper expert witness and Plaintiff's challenges are better addressed through cross-examination, contrary evidence, and careful instruction on burden of proof. ECF No. 128. The Moving Defendants argue Jones's report does not contain biased statements and his testimony is based on sufficient evidence. *Id.*

First, as addressed by the Magistrate Judge, the Moving Defendants designated Jones as an expert witness to "testify as to the standard of care and practices as to

detention center operations, including but not limited to opinions and subjects within his scope of expertise and qualifications," and not to render an opinion regarding the nature of the incident between Tollison and Plaintiff. *See* ECF Nos. 115 at 6; 49. Jones's personal beliefs are not relevant to his testimony regarding the standard of care at LCDC, and Jones indicated as much himself. ECF No. 115 at 6–7. Plaintiff contends that Jones's bias permeates his expert opinion, undermining his reliability as an expert witness; however, she provides no concrete evidence or examples of how Jones's opinion as to the nature of the incident between Tollison and Plaintiff impacted his opinion on the standard of care and practices at LCDC. *See* ECF No. 119 at 4–5. As explained by the Magistrate Judge, absolute exclusion of Jones as an expert because of his characterization of the incident between Tollison and Plaintiff is improper where Tollison was retained to provide an opinion on the standard of care. *Id*. at 6–7. Moreover, the proper mode of address for Plaintiff to challenge any alleged bias by Jones is to raise it in the manner outlined in *Daubert* before a jury. *Glass v. Anne Arundel Cnty.*, 38 F. Supp. 3d 705, 715 (D. Md. 2014), *aff'd*, 716 F. App'x 179 (4th Cir. 2018) ("[A]n expert witness's bias goes to the weight, not the admissibility of the testimony, and should be brought out on cross-examination."). Thus, Jones's potential bias is not a basis on which to strike his report or exclude him as an expert witness.

Second, Plaintiff challenges the Magistrate Judge's finding that Jones's testimony was based on "some evidence"[5] because Jones improperly relied on evidence that is not

---

[5] Plaintiff specifically objects to the Magistrate Judge's use of the phrase "some evidence" in his discussion of whether Jones's expert opinion has sufficient factual basis. ECF No. 119 at 6. The Court agrees with Plaintiff that the proper standard under Rule 702 is whether is it is more likely than not that "the testimony is based on sufficient facts or data."

in the record to support his opinion and did not espouse opinions based on his expertise. ECF No. 119 at 6. As basis for her objection, Plaintiff highlights the Magistrate Judge's citation to Jones's statements as to the lack of documentation in LCDC's file indicating they were out of compliance and that some training may be a component of another course that is not specifically listed on the training records. *Id.* at 5–6. As explained in detail by the Magistrate Judge, Jones relied on the evidence of record, including the absence thereof, as factual support for his expert opinion regarding whether LCDC provides required training. ECF No. 115 at 2–3, 7–8. Jones provided deposition testimony explaining that if LCDC was not in compliance, there would be evidence in the record in the form of a notice letter to the individual officer and training coordinator. ECF No. 73-8 at 28. Thus, a lack of such evidence is factual evidence that Jones could rely on to determine LCDC's compliance and is not purely conjecture as argued by Plaintiff. Furthermore, taken in the context of documentation and deposition testimony that is part of the evidence of record, the evidence referred to by the Magistrate Judge constitutes sufficient facts or data under Rule 702 to form the basis of an opinion as to the matters to which Jones was found competent to testify — the standard of care and practices as to LCDC's operations. ECF No. 115 at 2–3, 5, 8. While Plaintiff may disagree with Jones's conclusions concerning the adequacy of the LCDC's operations, her contentions are

---

Fed. R. Evid. 702. Upon de novo review, the Court finds there is sufficient facts or data to support the Magistrate Judge's determinations regarding Jones's expert testimony.

9

better addressed through cross-examination and contrary evidence rather than complete exclusion of Jones's expert testimony.

Third, Plaintiff's arguments concerning whether the individual Defendants completed the training shows LCDC was not actually in compliance, as the Magistrate Judge stated, go to the weight of the evidence. ECF Nos. 119 at 5–6; 115 at 8 (citing *Barnett v. United States*, No. 2:20-CV-02517-DCN, 2021 WL5713962, at *3 (D.S.C. Oct. 28, 2021)). Jones's expert opinion was that the LCDC provides the required training; he did not address each individual employee's completion of the required training. ECF No. 115 at 12. Jones's opinion was based on facts in the record, and Plaintiff's challenges to the accuracy of Jones's opinion as an expert go to weight of the evidence to be determined by a jury.

Finally, Plaintiff objects to the Report based on the Magistrate Judge's alleged failure to address her argument that admission of Jones's expert testimony would cause confusion to the jury and would not aid in their analysis of the facts of the case. However, the Magistrate Judge did address jury confusion in detail in his Report and found that Plaintiff could address any needs for further explanation through cross-examination to aid the jury just as she did during Jones's deposition. ECF No. 115 at 9, 11–12. The Court agrees with the Magistrate Judge. As stated previously and as explained by the Magistrate Judge, the Court's role as gatekeeper is not "intended to serve as a replacement for the adversary system, and consequently, the rejection of expert testimony is the exception rather than the rule." ECF No. 115 at 9 (citing *United States v. Stanley*, 533 F. App'x 325, 327 (4th Cir. 2013)). Again, Plaintiff is free to challenge Jones's opinion via the means outlined in *Daubert*, including cross-examination,

presentation of contrary evidence, and careful instruction on the burden of proof, to address this evidence. *Daubert*, 509 U.S. at 596.

For the reasons stated above, and after conducting a de novo review of record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds the Report should be adopted. Accordingly, Plaintiff's Motion to Exclude Expert Witness is granted in part and denied in part.

## IV. CONCLUSION

For the reasons set forth above and in the hearing held before the Court on March 20, 2025, Plaintiff's objections to the Reports are **SUSTAINED IN PART** and **OVERRULED IN PART**. The Court **ADOPTS IN PART** and **FINDS MOOT IN PART** the Magistrate Judge's Reports as set out. Accordingly, Plaintiff's Motion for partial Summary Judgment [76] is **GRANTED IN PART** and **DENIED IN PART**, the Moving Defendants' Motion for Summary Judgment [73] is **DENIED** without prejudice with leave to refile, and Plaintiff's Motion to Exclude Expert Witness [79] is **GRANTED IN PART** and **DENIED IN PART.**

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 25, 2025
Spartanburg, South Carolina