IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Brittany Cash, | ) | No. 6:23-cv-01235-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Laurens County, South Carolina; | ) | |
| Laurens County Sheriffs Office; Phillip | ) | |
| Tollison; Sheriff Don Reynolds; Vera | ) | |
| Lawson; Joshua Cogdill; Scott Weeks; | ) | |
| and Don Evans, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion for Finding of Spoliation of Evidence and Plaintiff's Motion for Rule to Show Cause and Sanctions. ECF Nos. 137, 180. Defendants[1] filed responses in opposition to Plaintiff's Motions. ECF Nos. 146, 196. For the reasons set forth below, Plaintiff's Motions are granted in part and denied in part.

## I.  BACKGROUND

This action arises out of a sexual assault allegedly committed against Plaintiff during her former employment at Laurens County Detention Center ("LCDC").  *See* ECF No. 43.  On August 10, 2020, Plaintiff began her employment at LCDC, and Tollison

---

[1] Defendant Phillip Tollison ("Tollison") is not subject to Plaintiff's pending Motions, nor does he join in Response with the other Defendants. *See* ECF Nos. 137, 180. For purposes of this Motion, the Court's reference to "Defendants" includes Defendants Laurens County, South Carolina ("Laurens County"); Laurens County Sheriffs Office ("LCSO"); Sheriff Don Reynolds; Vera Lawson; Joshua Cogdill; Scott Weeks; and Don Evans.  The Court refers collectively to Sheriff Reynolds, Lawson, Cogdill, Weeks, and Evans as the "individually named Defendants."

conducted training with Plaintiff. ECF Nos. 43 at 8–9; 73-1 at 5–6. During this training, Tollison sexually assaulted and harassed Plaintiff during four separate incidents on two different days. ECF Nos. 43 at 9–13; 73-1 at 6; 80 at 5. Plaintiff raised concerns to her co-workers about Tollison's actions during her training and she reported Tollison's conduct. ECF No. 80 at 6. Subsequently, an internal investigation began during which Tollison resigned and South Carolina State Law Enforcement Division ("SLED") was contacted. ECF Nos. 73-1 at 8; 80 at 6. Tollison was eventually prosecuted and convicted for "misconduct in office" for his sexual misconduct and voyeurism for recording five other female deputies while they were using his office at LCDC to change clothes. ECF Nos. 73-1 at 9; 80 at 8. During SLED's investigation, 15 devices were seized from Tollison. ECF Nos. 195 at 2 n.2. Of these 15 devices, five were preserved by SLED, including two cell phones, an iPad, and two laptops. ECF Nos. 194 at 3; 195 at 3–5. The remaining ten were not preserved and six of these ten were not accessed or previewed by SLED. *Id.* All 15 devices were returned to LCDC on May 9, 2023. ECF No. 198 at 2–3. These devices were subsequently destroyed approximately one year later pursuant to LCDC policy. ECF No. 195 at 2 n.2. Plaintiff continued in her employment at LCDC until May 23, 2023. ECF Nos. 73-1 at 9; 80 at 34.

On November 30, 2022, prior to filing this action, Plaintiff's counsel sent a preservation letter via certified mail and, on March 29, 2023, the Complaint in this case was filed. ECF Nos. 1, 137-2. During depositions, Plaintiff became concerned that Defendants had failed to search for electronically stored information ("ESI") in responding to Plaintiff's Requests for Production and moved to compel Defendants to conduct the proper searches for emails and other electronic information responsive to her discovery

requests and produce such information to Plaintiff.  ECF No. 100 at 1, 4.  After a hearing, the Court granted in part the Plaintiff's Motion to Compel and ordered Defendants to meet and confer on search terms and for Defendants to produce responsive text messages and emails by April 21, 2025.  ECF No. 131.

During a consultation with Defendants' counsel on March 25, 2025, Plaintiff's counsel was allegedly informed that Laurens County IT was not instructed at any time to preserve evidence for this lawsuit.  ECF No. 137-1 at 2.  Accordingly, on April 15, 2025, Plaintiff filed a motion requesting an evidentiary hearing as to spoliation of evidence by Defendants and requested the Court sanction Defendants should it find they spoliated evidence.  *See* ECF No. 137.  An initial hearing on the issue of spoliation was held on July 16, 2025, and this hearing was continued and reconvened on August 12, 2025.  ECF Nos. 171, 173, 185.  In the time between the two hearings, Plaintiff filed a Motion for Rule to Show Cause and Sanctions, based upon Defendants' alleged failure to comply with the Court's March 20, 2025, Order on discovery production.  ECF No. 180 at 1.  Specifically, Plaintiff based her Motion on Defendants' alleged failure to search and produce responsive ESI, their failure to timely provide a sufficient privilege log, and their pattern of discovery abuses in this action, including spoliation.  *Id.* at 1, 11.

At the hearing on August 12, 2025, in order to evaluate any prejudice caused by Defendants' alleged spoliation of evidence, the Court (1) directed Plaintiff to produce any communications between her and any individual defendant or any employee or agent of an organizational defendant that relates to this matter that had not previously been produced; (2) directed the Parties to coordinate with SLED concerning obtaining a copy of or gaining access to the digital case file related to SLED's criminal investigation of

Tollison; and (3) after the production of these materials, to the extent that production was possible, the Parties were directed to submit supplemental briefs to the Court on how and whether the production affects the Court's analysis of the spoliation issues and Plaintiff's Motion for Sanctions.[2]　ECF No. 185.　The Parties submitted their respective supplemental briefing and responses thereto.　ECF Nos. 194, 195, 197, 198.　Defendants also submitted their response in opposition to Plaintiff's Motion for Rule to Show Cause and Sanctions.　ECF No. 196.　Accordingly, this matter is now fully briefed and ready for the Court's review.

## II.  APPLICABLE LAW

### A.  Sanctions Under Rule 37(b) for Failure to Comply with Discovery Order

The Court has authority pursuant to Federal Rule of Civil Procedure 37 to sanction a party for failure to comply with a court order regarding discovery.  *See* Fed. R. Civ. P. 37(b)(2)(A).  The Rule provides in pertinent part:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.
> They may include the following:

---

[2] The Parties were also instructed to inform the Court whether it was necessary to call Plaintiff as a witness on the same limited issues and Motion.  ECF No. 185.  Plaintiff was tasked solely with searching the ESI in her possession to determine whether any of the ESI lost by Defendants could be restored or replaced.  Upon review of the briefing submitted by the Parties, the Court finds further testimony and examination of Plaintiff would not aid the Court in determining the issue of Defendants' alleged spoliation of ESI. Accordingly, Defendants' request for Plaintiff to testify is denied, and Plaintiff's Motion to Quash is granted.  ECF No. 175.

4

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id*. The Fourth Circuit has "developed a four-part test for a district court to use when determining what sanctions to impose" under Rule 37. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001); *see also Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 226 (4th Cir. 2019) (discussing similar factors courts must consider prior to dismissal under Rule 41(b)). Specifically, the Court must consider (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. *Belk*, 269 F.3d at 348. "Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery

orders." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

## B. Sanctions for Spoliation of ESI

Federal Rule of Civil Procedure 37(e) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> >
> > (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> >
> > > (A) presume that the lost information was unfavorable to the party;
> > >
> > > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> > >
> > > (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

## III. DISCUSSION

Plaintiff asserts that sanctions are warranted against Defendants based on: (1) Defendants' failure to comply with the Court's March 20, 2025 Text Order ordering Defendants to search and produce responsive ESI by April 21, 2025; (2) Defendants' failure to timely provide a sufficient privilege log; and (3) Defendants' pattern of discovery abuses in this case, including the destruction of evidence and attempts to evade production by making unsupported and improper assertions of privilege. ECF Nos. 137;

180 at 1–2, 9–18. Defendants assert that Plaintiff is not entitled to the sanctions she seeks, and that Defendants have complied with all the Courts' discovery orders. *See* ECF Nos. 146, 196. The Court addresses each of the issues raised by Plaintiff in turn below.

## A. Privilege Log

Plaintiff asserts that Defendants failed to provide a timely privilege log in relation to the discovery produced pursuant to the Court's March 20, 2025 Order, which directed Defendants to produce certain, responsive text messages and emails by April 21, 2025. ECF Nos. 180 at 1–2, 13–18; 131. Plaintiff contends that Defendants' privilege log is "wholly insufficient and inclusive of documents that are clearly not privileged." ECF No. 180 at 2, 13–18. Specifically, Plaintiff asserts the privilege log contains documents without any privilege designation; documents without an attorney being a recipient, sender, or custodian being marked as attorney/client privileged or work product; and documents which are not privileged such as emails sent to Plaintiff's attorneys. *Id.* at 13. Accordingly, Plaintiff requests the Court find that Defendants "waived any assertion of privilege through their untimely and unparticularized objections." *Id.* at 2, 13–18. Defendants contend that waiver of privilege is inappropriate in these circumstances given the tight timeline of production. ECF No. 196 at 8–9. Defendants assert that the records marked as "privileged in this matter concern correspondence between Defendants and their attorneys relating to this litigation" and asks that the Court deem these categories of records as "presumptively privileged" to allow Defendants to avoid the unnecessary expense and effort of painstakingly redacting these records. *Id.* at 9. Further, if there are deficiencies in Defendants' privilege log, Defendants request that the Court allow

Defendants an opportunity to cure such deficiencies. *Id.*

The purpose of the attorney-client privilege is to "promote broader public interests in the observance of law and administration of justice . . . [t]he privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn v. United States,* 449 U.S. 383, 389 (1981). In the Fourth Circuit, work product and attorney-client privilege are construed "quite narrowly," and they are recognized "only to the very limited extent that . . . excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth." *Rambus, Inc. v. Infineon Techs. AG,* 220 F.R.D. 264, 271 (E.D.Va. 2004) (*quoting Hawkins v. Stables,* 148 F.3d 379, 383 (4th Cir. 1998)). A party asserting a privilege has the burden of showing that it applies. *Id.* (*citing United States v. Under Seal,* 341 F.3d 331, 335 (4th Cir. 2003)). A party asserting attorney-client privilege must establish that:

> (1) the asserted holder of the privilege is or sought to become a client;
>
> (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer;
>
> (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and
>
> (4) the privilege has been (a) claimed and (b) not waived by the client.

*Hawkins v. Stables,* 148 F.3d 379, 383 (4th Cir. 1998) (citation omitted). The party asserting the work product doctrine must establish that the document at issue was

prepared at the direction of an attorney in anticipation of litigation. *Hickman v. Taylor,* 329 U.S. 495 (1947).

Federal Rule Civil Procedure 26(b)(5) provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5). To comply with the requirements of Rule 26(b)(5)(A), "a party seeking protection from producing documents must produce a privilege log that 'identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter.'" *AVX Corp. v. Horry Land Co., Inc.*, C/A No. 4:07-cv-3299-TLW, 2010 WL 4884903, at *3 (D.S.C. Nov. 24, 2010) (citation omitted). "The party asserting the privilege 'must identify the elements of the applicable privilege and demonstrate that each element is present for each document for which they claim the existence of a privilege.'" *Id.* at *3 (citation omitted). When a party provides an inadequate or untimely privilege log, the Court may choose between several remedies, including allowing the party another chance to submit a more detailed log; deeming the inadequate log a waiver of the privilege; or inspecting in camera all the withheld documents or a sample of the withheld documents. *Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 538 (D.S.C. 2018) (citation omitted).

Upon review of Defendants' privilege log and the Parties' arguments, the Court

finds that Defendants' log does not allow Plaintiff or the Court to test the applicability of the attorney-client privilege, work product, or other assertions of privilege at least with respect to some of the documents Defendants seek to withhold.  Therefore, the Court concludes that Defendants' privilege log is inadequate.  In considering the appropriate remedy, the Court considers the context of the production, Defendants' conduct, the timeline for producing the privilege log, and need to avoid further delay of this action. Here, the privilege log was provided in connection with discovery produced pursuant to the Court's granting of Plaintiff's Motion to Compel.  *See* ECF No. 131.  While the Court recognizes Defendants were to produce this discovery in a short amount of time, it notes that Defendants did not produce their most recent privilege log related to this discovery until July 15, 2025, more than three months after the Court's set deadline to produce. *See* ECF Nos. 131; 180 at 2.  Defendants argue the voluminous amount of production should be considered in determining the adequacy of the privilege log; however, Defendants had and took months to review these documents and had more than sufficient time to adequately indicate whether any privilege applied.  Additionally, Defendants, until responding to Plaintiff's Motion for Rule to Show Cause and Sanctions, did not request additional time to review documents or assert privilege.  Finally, it is Defendants' burden to show that privilege applies, and the Court declines to adopt any "presumption of privilege" as to any documents that Defendants failed to adequately assert were privileged.  Given the circumstances, the Court finds that Defendants are not entitled to more time to cure their deficient privilege log and denies Defendants request to do so. The Court also does not believe that in camera review of documents is a judicious use of Court resources given the procedural history and posture of this action.  Accordingly, the

Court finds the appropriate remedy at this time is to direct production of all documents where privilege has not been adequately designated by Defendants.

Upon review of the Parties' arguments and Defendants' submitted privilege log, the Court makes the following findings regarding the communications Defendants have marked as privileged. ECF Nos. 180, 180-2, 196, 196-7. First, if the communication is to or from an attorney related to this litigation or counsel on related matters, it is privileged. Second, if a document identified in the privilege log is marked as "attorney client privilege" but there is no indication of attorney involvement in the document and no other privilege has been designated, it must be produced. Third, as to any document which was withheld without designation of privilege and no designation has been made at this time, privilege is waived, and it must be produced. The Court directs Defendants to produce the documents to Plaintiff within thirty (30) days. For the foregoing reasons, to the extent Plaintiff's Motion for Rule to Show Cause and Sanctions seeks the Court to find Defendants have waived privilege and order Defendants to produce the withheld documents, her Motion is granted in part and denied in part.

## B. Compliance with the Court's Order and Spoliation

There are two distinct issues concerning Defendants' conduct in discovery before the Court: (1) Defendants' alleged failure to comply with discovery obligations generally and particularly pursuant to the Court's March 20, 2025; and (2) Defendants' alleged failure to preserve ESI in anticipation of litigation, which resulted in spoliation of evidence. *See* ECF Nos. 137; 180. Plaintiff asks the Court to consider all of Defendants' conduct throughout this litigation, including alleged spoliation, in deciding whether Defendants should be sanctioned for failure to follow the Federal Rules of Civil Procedure and the

Court's March 20, 2025 Order.  ECF No. 180 at 9–11.  The alleged spoliation without a doubt impacts what Defendants were able to produce in response to both Plaintiff's requests for production generally and what Court ordered produced in its March 20, 2025 Order.  However, as set out above, failure to follow court-ordered discovery and spoliation of ESI are governed by different, although related, legal standards.  *See* Fed. R. Civ. P. 37(b)(2) and 37(e).  The Court first addresses the alleged spoliation, then turns its attention to whether sanctions are warranted for Defendants' alleged failure to comply with the Federal Rules of Civil Procedure and the Court's Order.

1. Spoliation of ESI under Rule 37(e)

"Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). As applicable here, Rule 37(e) governs the Court's power to sanction a party for destroying or failing to preserve ESI.  To warrant sanctions under Rule 37(e), four threshold elements must be established: "(1) the information should have been preserved, (2) the information was lost, (3) the loss occurred because a party failed to take reasonable steps to preserve it, and (4) the information cannot be restored or recovered through additional discovery."  *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327, No. 2:12-cv-00497-JRG, 2016 WL 5869448, at *3 (S.D. W. Va., Oct. 6, 2016).

a. *Whether There Was Spoliation of ESI*

Plaintiff contends the following ESI was destroyed by Defendants: emails prior to December 2021; emails and texts from Defendants' work phones; emails and texts from

Plaintiff's work phone and computer; Tollison's work computer; work computers of Defendants; and 15 devices SLED seized. ECF No. 194 at 2–3. A party has a duty to preserve evidence during litigation and at any time "before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri,* 271 F.3d at 591 (citing *Kronisch v. United States,* 150 F.3d 112, 126 (2d Cir. 1998)). However, if information is destroyed prior to reasonably anticipating litigation, or the information that is destroyed is not relevant to the litigation, no sanction should be imposed under Rule 37(e). As previously noted, Defendants received the preservation letter from Plaintiff on November 30, 2022,[3] and the Complaint was filed on May 29, 2023. ECF Nos. 1, 137-2.

Plaintiff argues that Defendants spoliated evidence by their failure to preserve evidence once they knew litigation was impending. ECF Nos. 137-1 at 5; 194 at 3. Plaintiff asserts Defendants failed to make any directives to their employees or take steps to preserve data during the criminal investigation into Tollison, after receiving Plaintiff's preservation letter, and after the lawsuit was filed. ECF No. 194 at 3. Defendants argue Plaintiff's preservation letter was "overbroad" and point to the timing of her preservation letter and spoliation motions. ECF No. 146 at 3–6; 196 at 4. Testimony before this Court confirms that Defendants did not communicate with their employees the need to preserve evidence for this litigation before or after receiving the preservation letter. Indeed, according to testimony, counsel for Defendants did not show or provide a copy of the

---

[3] Defendants contend that Plaintiff failed to properly serve the November 30, 2022, preservation letter pursuant to Federal Rule of Civil Procedure 4. ECF No. 197 at 3 n.2. However, Rule 4 deals with the service of summons, not preservation letters. *See* Fed. R. Civ. P. 4. Accordingly, this Rule is inapplicable, and Defendants' arguments related thereto are without merit.

preservation letter to the individually named Defendants or other of Defendants' employees until 2025, at the earliest. As a result, emails and text messages were deleted and devices such as computers and phones were destroyed in the course of Defendants' normal operations without any review to determine whether there was information that should be preserved. However, the record also indicates that the destruction of at least some of the ESI that was lost or destroyed occurred prior to Plaintiff's sending the preservation letter. It is debatable whether Defendants should have anticipated litigation prior to the letter triggering their duty to preserve evidence related to this case. On the one hand, Plaintiff continued working for Defendants after the incident with Tollison and has put forth no evidence that Defendants were on notice of her intent to file suit prior to the preservation letter. On the other hand, Defendants were engaged in the related criminal investigation in the years prior to Plaintiff bringing her civil claims, and arguably at least some of the ESI should have been preserved related to that criminal case. Additionally, Defendants have statutory duties to preserve evidence for a certain period, which they failed to do. *See, e.g.*, S.C. Code Ann. § 30-1-10 et seq. (outlining the duties of public bodies within the state of South Carolina, including county entities, to maintain certain public records, including emails).

The issue before the Court is not whether Defendants should have preserved ESI in relation to criminal litigation against Tollison or in accordance with state statute, but rather whether Defendants should have preserved ESI because they "reasonably should know that the evidence may be relevant to anticipated litigation" brought by Plaintiff. *Silvestri,* 271 F.3d at 591 (citing *Kronisch,* 150 F.3d at 126). After reviewing the relevant testimony and filings, the Court finds that Defendants first should have reasonably

anticipated this litigation upon receipt of Plaintiff's preservation letter on November 30, 2022. While Defendants' record keeping prior to November 2022 was far from laudable and raises serious concerns regarding their compliance with their statutory duties, these issues are not squarely before the Court. The Court's concern is spoliation related to this case. Upon review of the record, it is apparent that Defendants failed to take reasonable measures to preserve evidence in this case by failing to communicate with their employees regarding their duty to preserve, which indisputably resulted in the destruction of ESI. Accordingly, the Court finds there was spoliation of evidence, at least with respect to all ESI that was lost or destroyed after Plaintiff's preservation letter was sent in November 2022

Turning to whether additional discovery would recover the lost or destroyed ESI, Defendants argue that all of the ESI to which Plaintiff is entitled was preserved by SLED during their investigation. *See* ECF No. 195. The Court directed the Parties to coordinate with SLED to gain access to the digital case file related to SLED's criminal investigation of Tollison and to submit supplemental briefs to the Court on how and whether the production from SLED would impact the Court's analysis of spoliation. ECF No. 185. The Parties submitted their respective supplemental briefs and responses. ECF Nos. 194, 195, 197, 198. Plaintiff asserts that the ESI preserved by SLED during their criminal investigation is not a replacement for the destroyed ESI. ECF No. 194 at 3–5. Further, Plaintiff asserts that Rule 37(e) does not require her to pursue every possible avenue for replacing ESI and she has engaged in a good faith attempt to explore alternatives. ECF No. 198 at 7. Defendants assert that five devices were able to be restored through additional discovery, so no further Rule 37(e) spoliation analysis is required. ECF No.

195 at 3. Defendants also ask for time to conduct discovery on the ESI from the five electronic devices to determine if ESI from the SD cards returned to them from SLED, which Defendants later destroyed, could be restored. *Id.* at 7.

After review of the Parties' filings and SLED's production, the Court finds that the ESI sought by Plaintiff cannot be restored or recovered through additional discovery. Although five devices were restored after consulting with SLED, the other ten were not and other relevant ESI, such as emails and texts between Defendants' employees, could not be restored through this additional discovery. SLED's investigation, though bearing some relation to this litigation, was focused on Tollison's criminal conduct and accordingly, there may well have been ESI relevant to Plaintiff's civil case that would not have been preserved by SLED. The Court also finds that additional discovery to determine whether the ESI destroyed or lost by Defendants is unwarranted. The Parties are not required to exhaust every avenue of possible discovery that could recover or replace the lost or destroyed ESI. *GMS Indus. Supply, Inc. v. G&S Supply, LLC*, No. 2:19-CV-324 (RCY), 2022 WL 853626, at *5 (E.D. Va. Mar. 22, 2022) ("Irreplaceability does not require a party to 'pursue every possible avenue for replacing or restoring the ESI, but it must show that it made some good-faith attempt to explore its alternatives before pursuing spoliation sanctions.'" (quoting *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 327 F.R.D. 96, 109 (E.D. Va. 2018)). All that requires is a good faith attempt, and that was accomplished here through contact with SLED. *Id.*

The evidence of record demonstrates the Defendants failed to take reasonable steps to preserve evidence, including by failing to communicate this duty or provide a copy of the preservation letter to relevant employees. Further evidence indicates that

Defendants destroyed the devices related to SLED's investigation into Tollison. Defendants' conduct led to the unreasonable destruction of ESI, which arguably was relevant to Plaintiff's claims, and ultimately to spoliation in this case.

b.  *Whether the Spoliation of ESI was Prejudicial and/or Intentional*

If these threshold elements are met, Rule 37(e) authorizes two avenues for remedy. First, "upon finding prejudice to another party from loss of the information, [the court] may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1).  Second, "*only* upon finding that the party acted with the *intent to deprive* another party of the information's use in the litigation," the court may: "(A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment."  Fed. R. Civ. P. 37(e)(2) (emphasis added).

Plaintiff contends that she has been prejudiced by Defendants' failure to respond to her discovery requests and unable to litigate her case because Defendants failed to properly preserve ESI.  ECF Nos 180 at 12; 198 at 8–10.  Plaintiff further asserts that there is evidence that Defendants destroyed ESI with the intent to deprive Plaintiff of evidence for this lawsuit based upon the totality of the circumstances of Defendants' conduct, including their lack of candor with Plaintiff and the Court regarding production of ESI.  ECF No. 198 at 10–15.  Defendants argue there is no apparent prejudice to Plaintiff because of any lost ESI.  ECF Nos. 195 at 8–11; 196 at 11–13.  Further Defendants assert that there is no evidence that they intentionally destroyed ESI with the intent to deprive Plaintiff of evidence for her lawsuit and that the destruction occurred because of routine operations by Defendants.  ECF Nos. 195 at 11–13; 197 at 4, 9–10; 196 at 11–

13.

The Court finds that, under the circumstances, Plaintiff was prejudiced by Defendants' failure to preserve ESI. While the clear and convincing evidence standard applies to much of Rule 37(e), this standard is not necessarily applicable to the Court's determination of whether the party seeking sanction for spoliation has shown prejudice. *See* Fed. R. Civ. P. 37(e). Rule 37 "does not place a burden of proving or disproving prejudice on one party or the other. Determining the content of lost information may be a difficult task in some cases, and placing the burden of proving prejudice on the party that did not lose the information may be unfair." *Wall v. Rasnick*, 42 F.4th 214, 223 (4th Cir. 2022) (quoting Fed. R. Civ. P. 37(e), advisory committee's note to 2015 amendment). Although, the extent of any prejudice at this point is largely conjectural as the extent of relevant information, if any, on any of the destroyed devices or deleted communications is speculative, it is undisputed that, at the very least, ESI was lost or destroyed when Defendants destroyed devices recovered by SLED during its investigation of Tollison after Defendants had notice of this litigation. *See* ECF Nos. 194, 195. There is also some evidence that other devices, such as computers and phones, were destroyed in the normal course of Defendants' operations that may have pertained to Plaintiff's claims, although the extent of prejudice caused by these destructions is equally speculative. *See* ECF No. 194. Upon consideration of the nature of the ESI that was undisputedly destroyed by Defendants after they had notice of Plaintiff's litigation, the Court finds there is sufficient evidence of prejudice to Plaintiff to make sanctions appropriate under Rule 37(e)(1).

The Court further finds the record does not demonstrate that Defendants intended

to spoliate evidence to deprive Plaintiff's access to the relevant ESI. In coming to this conclusion, the Court considers the timing of the destruction of evidence, the method by which it was destroyed, Defendants' policies for destruction of its employees' devices, and Defendants' legal duty to preserve. As stated above, the information was deleted and devices destroyed as part of the normal course of Defendants' operations and does not demonstrate that Defendants destroyed ESI with the specific intent to deprive Plaintiff of evidence. Although Defendants *should* have been on notice that litigation might occur, or even was occurring, at the time this evidence was destroyed, mere negligence in failing to preserve ESI is not enough to show intent under Rule 37(e). The replacement of devices and destruction of ESI was pursuant to Defendants' policy at the time. There is no evidence of an effort to intentionally destroy information related to this civil case. Indeed, some of the evidence was held for over a year after it was returned from SLED before it was destroyed in the ordinary course of operations. To be sure, Defendants' policy reflects a fundamental misunderstanding of Defendants' duty to preserve regarding both potential civil actions and South Carolina state law for criminal investigations.[4] However, under these circumstances the Court finds Defendants' conduct amounts to negligence of these duties, indeed maybe even rising to recklessness. But Defendants'

---

[4] Indeed, accordingly to some courts, failure to meet statutory obligations could suggest that a party acted with the intent to deprive the opposing party of relevant information. *See Punzo v. Sugarhouse Casino*, No. CV 20-5581, 2021 WL 5867144 (E.D. Pa. Sept. 23, 2021) ("Defendant had an affirmative obligation, pursuant to 29 U.S.C. § 1602.14, to retain [personnel or employment records related to job applications] for at least one year . . . . Its disregard of this obligation would suggest that it acted with intent to deprive Plaintiff of this information and may warrant an adverse inference under Fed. R. Civ. P. 37(e)(2)." (citing *Waters v. Genesis Health Ventures, Inc.*, 400 F. Supp. 2d 814, 821 (E.D. Pa. 2005)).

conduct does not rise to intent as required to merit more severe sanctions under Rule 37(e)(2).[5]

Accordingly, as outlined above, the Court finds that sanctions are appropriate under Rule 37(e)(1). Plaintiff asks the Court to impose the following sanctions against Defendants: strike Defendants' Answer, enter default judgment as to liability, and proceed to trial on the issue of damages. ECF No. 180 at 18. Defendants contend that, even if there was spoliation evidence caused by their conduct, such severe sanctions are not warranted in this action.[6] ECF No. 197 at 10. Under Rule 37(e)(1), Courts are empowered to impose a wide range of curative measures, short of the adverse inference and default judgment sanctions identified in Rule 37(e)(2). In sanctioning Defendants'

---

[5] As addressed by the Court in hearings on this matter, Plaintiff's Motions are not a trial on Defendants' recordkeeping. The Court, however, notes that Defendants should not rely on this misunderstanding of their obligations in the future. Defendants are now, without a doubt, on notice that they have a duty to preserve evidence in both civil and criminal litigation, under both their duties to the court and their statutory obligations. Defense counsel should impress on their clients these duties and the need to address policies and procedures, no matter how innocuous they may seem on the surface, that run contrary to these duties. This litigation has put Defendants on notice of the deficiencies of their record-keeping policy, and Defendants can no longer rely on their own ignorance that their systems are inadequate. While Defendants were able to avoid drastic sanctions under Rule 37(e)(2) in this instance, continued use of these policies and procedures with full knowledge and understanding of how they led to the destruction of evidence may reasonably be construed as intentional acts to deprive litigants of evidence in future actions.

[6] Defendants also argue that Laurens County does not play a role in the operation of LCSO's email system or evidence handling procedures, and so Laurens County should not be sanctioned nor should the individually named Defendants. ECF No. 197 at 10. The Court agrees that Laurens County is not in the same position of liability for the spoliation of evidence as LCSO. Accordingly, the Court clarifies here that Plaintiff's Motion for Sanction under Rule 37(e) against Laurens County is denied. However, the Court finds that the individually named Defendants are in the same position of liability as LCSO for their failure to preserve based on their employment for LCSO. Thus, the Court's issuance of sanctions applies equally to the individually named Defendants.

conduct, the Court is mindful of the purposes of discovery sanctions as a remedy for alleged misconduct, and these sanctions should be "no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e); *see also Silvestri*, 271 F.3d at 590 ("While a district court has broad discretion in choosing an appropriate sanction for spoliation, 'the applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine.'" (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776 (2d Cir. 1999)).  Given the purpose of sanctions in this context, the Court finds that Plaintiff is not entitled to the severe sanctions she requests at this time.[7]  However, the Court finds a sanction is appropriate to remedy the prejudice caused to Plaintiff.  Accordingly, the Court imposes the following sanction: Defendants will not be allowed to refer to or rely upon any claimed communication or policy not properly preserved.

   2.  Failure to Comply under Rule 37(b)(2)[8]

On March 20, 2025, the Court held on hearing on Plaintiff's outstanding discovery

---

[7] The Court's decision does not prejudice Plaintiff from pursuing a spoliation instruction at trial if she so chooses.

[8] Defendants argue that Plaintiff cannot seek sanctions for their alleged noncompliance with the Court's March 20, 2025 Order because she did not timely move to compel Defendants' supplemental responses.  ECF No. 196 at 6–7.  The Court finds Defendants characterization to misrepresent both the context and nature of Plaintiff's Motion for Rule to Show Cause and Sanctions.  *See* ECF No. 180.  First, the Court's March 20, 2025 Order addressed Plaintiff's initial Motion to Compel, which the Court granted in part.  ECF No. 131.  Plaintiff is not required to file continuous motions to compel supplementation of Defendants' insufficient discovery responses, especially where the Court already compelled Defendants to supplement.  Second, Local Civ. Rule 37.01(A) (D.S.C.) is inapplicable.  Local Civil Rule 37.01(A) (D.S.C.) addresses the timeliness of a motion to compel.  Plaintiff did not file a motion to compel; she filed a Motion for Rule to Show Cause and Sanctions based on Defendants' alleged failure to comply with the Court's Order on her previous Motion to Compel.  *See* ECF No. 180.  The Court finds

motions, specifically her Motion for Leave to Name a Rebuttal Expert Witness and her Motion to Compel. ECF Nos. 129, 131. In addressing Plaintiff's Motion to Compel, the Court initially addressed only Defendants' need to produce appropriately responsive emails. However, later in the hearing after Plaintiff asked for clarification on potentially relevant text messages, the Court explained that because work email on phones was discoverable, text messages for the purpose of work communications were also discoverable. The Court clarified that this search of text messages was limited to text messages to and from persons in the chain of command and who had reason to be involved in the matters at hand. The Court further clarified that co-employees' text messages were not subject to discovery and directed Plaintiff to provide Defendants with a set of names of persons whose text messages were to be searched. The Court entered the following minute entry on the docket following the hearing:

> MINUTE ENTRY. Proceedings before the Honorable Donald C. Coggins, Jr. on March 20, 2025.
>
> (1) Plaintiff's Motion to Compel [100] is granted in part and denied in part. Parties are directed to meet and confer on appropriate search terms within one week. Defendants are directed to complete appropriate email and, if applicable, text message searches based upon the terms identified by the Parties and supplement discovery responses by April 21, 2025.
>
> (2) Plaintiff's Motion for Leave to Name a Rebuttal Expert Witness [99] is granted in accordance with the forthcoming written order on the Magistrate Judge's Report and Recommendations regarding Plaintiff's Motion to Exclude Defendants' expert witness. If Plaintiff determines a rebuttal witness is still needed after reviewing the Court's written order, Plaintiff is directed to name the expert and provide all necessary information pertaining to the expert to Defendants

---

Defendants' arguments regarding the timeliness of Plaintiff's Motion for Rule to Show Cause and Sanctions to be unpersuasive.

by April 1, 2025. Limited discovery related to any rebuttal expert witness will be allowed through May 16, 2025.

(3) As a result of the Court's ruling on these motions, the Court sustains Plaintiff's objections to Defendants' pending Motion for Summary Judgment [73]. Based on prematurity and ripeness arguments pursuant to Fed. R. Civ. P. 56(d), this Motion is denied with leave to refile. The Parties are directed to file/refile dispositive motions by June 13, 2025. Responses to dispositive motions are due June 27, 2025, and replies thereto are due July 10, 2025.

(4) A written order is forthcoming on the remaining outstanding motions and reports and recommendations.

(5) The Parties indicated they are available and ready for a trial date in January 2026.

ECF No. 131.

Plaintiff contends Defendants failed to produce the supplemental discovery as ordered by April 21, 2025, and Plaintiff did not receive the bulk of the supplemental discovery until May 22, 2025, and did not receive the privilege log for that discovery until July 15, 2025. ECF No. 180 at 9. Plaintiff asserts that Defendants did not perform a search of text messages using the search terms provided by Plaintiff for the listed custodians and that Defendants did not use their third-party discovery vendor—Legal Eagle—to search the identified devices for responsive text messages. *Id.* at 7, 9, 11. Defendants assert that sanctions are inappropriate "because the Court did not order Defendants to comply with Plaintiff's discovery requests" because her requests for emails and text messages were overly broad. ECF No. 196 at 2. In making this argument, Defendants point to the Court's March 20, 2025, minute entry and its subsequent March 25, 2025, written order, which ruled on the Magistrate Judge's Report and Recommendation addressing Plaintiff's Partial Motion for Summary Judgment,

23

Defendants' Motion for Summary Judgment, and Plaintiff's Motion to Exclude Expert Witness. *Id.* Defendants assert "there has never been any understanding and/or direction and/or Order which required that Defendants retain Legal Eagle to search any particular cellphones for text messages." *Id.* at 6. Defendants contend that they have provided responses with respect to email and text message production. *Id.* at 4–5. According to Defendants, they supplemented their response with respect to text messages on April 25, 2025, and May 14, 2025, and provided Plaintiff with pages of screen shots of text messages with privileged communications redacted. *Id.* at 5. Defendants further assert that Plaintiff's Motion for Rule to Show Cause and Sanctions based on noncompliance with the Court's March 20, 2025 Order is without merit because Plaintiff has not demonstrated bad faith on the part of Defendants, Defendants did produce text messages in accordance with the Court's Order, and Plaintiff also failed to timely move to compel Defendants' supplemental responses. *Id.* at 3–7.

First, Defendants were ordered by the Court to search for and produce certain text messages, if applicable, at the hearing held on March 20, 2025. Any assertion by Defendants that there was no obligation for them to produce text messages at all based on the Court's ruling is incorrect. While Defendants are right that the Court limited the scope of Plaintiff's requests, Defendants were ordered to search for and produce text messages from certain individuals identified by Plaintiff. Defendants' reliance on the minute entry and subsequent Order to make any argument that they were not required to produce any text messages is misplaced. The minute entry entered on the docket is a summary of what happened in court. ECF No. 131. Although the minute entry clearly reflects the Court's expectation that Defendants were to search text messages and

supplement their responses, even if it had not or was at all unclear, Defendants should have relied on the Court's oral order and related instructions given to them during the March 20, 2025 hearing.[9] During the hearing, the Court clearly indicated Defendants had an obligation to search for certain text messages and produce any relevant messages.

Second, Defendants' citation to the Court's subsequent Order issued on March 25, 2025, is similarly misplaced. The Court's Order on March 25, 2025, addressed the Magistrate Judge's Report and Recommendation on three other motions. ECF No. 133. In arguing that they had no duty to search for or produce text messages, Defendants rely on the Court's summary of its ruling on Plaintiff's Motion to Compel that appeared in that Order. ECF No. 196 at 2. However, as noted above, in interpreting their discovery obligations, Defendants should rely first and foremost on the Court's Order specifically addressing the Motion to Compel, which occurred in court on March 20, 2025. *See* ECF No. 131. Moreover, while the Court's subsequent Order did not mention text messages in summarizing the Court's prior Order on Plaintiff's Motion to Compel, it was also not contrary to the Court's Order on March 20, 2025, and in no way released Defendants from any obligation to search for and produce relevant text messages. *See* ECF No. 133 at 5. The Court is deeply troubled by Defendants assertions to the contrary.

As elucidated by the Court's March 20, 2025, Order on Plaintiff's Motion to Compel, Defendants had an obligation to search for and produce certain documents, including emails and text messages. *See* ECF No. 131. Accordingly, the Court turns to whether

---

[9] The "if applicable" clause appearing in the Court's minute entry reflects the Court's oral instructions that text messages to be searched for would be limited to certain individuals' work-related text messages. As the Court noted on the record, it may be that such text messages did not exist, hence the "if applicable" clause.

Defendants failed to comply with the Federal Rules of Civil Procedure on discovery and Court's Order and, if so, whether sanctions are appropriate under the circumstances. As outlined above, in determining whether sanctions are appropriate pursuant to Rule 37(b)(2), the Court considers (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. Fed. R. Civ. P. 37(b)(2).

As to the first factor, it is undisputed that Defendants failed to fully respond to Plaintiff's discovery requests by the date set out in the Court's Order—April 21, 2025. ECF Nos. 131; 180 at 4–5, 11; 196 at 5; 196-4. Further, as discussed above, Defendants' privilege log as provided to Plaintiff was deficient. However, Defendants did provide supplemental responses in later in April and May 2025, including pages of emails and text messages, and Defendants also provided a privilege log, albeit deficient as outlined above, on July 15, 2025.[10] ECF Nos. 180 at 4–5, 9; 196 at 5; 196-4. It also appears from documents on the record that Plaintiff and Defendants were in communication about delayed production following the April 21, 2025, deadline. *See* ECF Nos.

Plaintiff asks the Court not to consider Defendants' conduct on the issue of compliance with its March 20, 2025, Order in a vacuum when determining whether Defendants have acted in bad faith because Defendants have engaged in "a pattern of indifference and disrespect." ECF No. 180 at 11–12. While Defendants ultimately did provide emails and text messages to Plaintiff, this was after Plaintiff filed a Motion to

---

[10] Defendants submit that there were multiple iterations of the privilege log submitted to Plaintiff before sending Plaintiff their last version on July 15, 2025. ECF No. 196 at 5, 7.

Compel and then after the Court's set deadline to respond in relation to that Motion had passed. Indeed, as discussed in detail throughout this Order, Defendants' conduct in discovery has been less than satisfactory, with Defendants repeatedly providing incomplete responses and privilege logs to Plaintiff over the course of this litigation. Further, while Legal Eagle was used to search for responsive email, Defendants admit that they did not use the same provider to search for responsive text messages. In fairness, the Court did not direct Defendants to use their vendor to perform this search at the hearing nor is there evidence that Plaintiff requested them to do so. But considering Defendants' use of this vendor for other purposes, the Court finds Defendants' conduct in not using them under these circumstances to be, at the very least, suspect. Defendants' conduct is arguably evasive and may well rise to bad faith.

Turning to the second factor, Plaintiff has failed to establish prejudice due to Defendants' alleged failure to comply with the Court's March 20, 2025, Order. Although production was delayed past the Court's deadline, Plaintiff received Defendants' responses within a reasonable time thereafter and as noted, it appears Plaintiff and Defendants were in communication about supplemental responses. Looking specifically to Defendants' responses pursuant to the Courts' Order on March 20, 2025, Defendants did provide Plaintiff with email and text messages that they had in their possession at the time of the Order.[11]  As for the communications which were heavily redacted due to

---

[11] Plaintiff asks the Court to consider all of Defendants' conduct throughout this litigation, including alleged spoliation, in deciding whether Defendants should be sanctioned for failure to follow the Federal Rules of Civil Procedure and the Court's March 20, 2025 Order.  ECF No. 180 at 9–11.  The alleged spoliation without a doubt impacts what Defendants were able to produce in response to the Court's March 20, 2025, Order, and as outlined above, the Court finds Defendants' spoliation of ESI did prejudice Plaintiff. However, Rule 37(e), not 37(b)(2), specifically deals with ESI spoliation and appropriate

Defendants' assertions of privilege, the Court finds that, as outlined above in addressing this issue, Plaintiff should be provided access to all non-privileged communications. Accordingly, any prejudice will be remedied by Defendants' prompt production of these non-privileged communications.[12]

Turning to the third factor, the need for deterrence of the particular sort of non-compliance, the Court encourages parties to work out discovery disputes themselves, which it appears occurred in this case based on email communications provided to the Court following the March 20, 2025, Order. Imposing sanctions based on Defendants' failure to comply with the April 21, 2025, deadline when the Parties were actively communicating and trying to work out discovery issues and delays might inadvertently deter conduct the Court seeks to encourage. Finally, even considering Defendants' ongoing conduct in this action, the Court finds that less drastic sanctions than those sought by Plaintiff would be effective in deterring future conduct. As outlined above, pursuant to Rule 37(e)(1): Defendants will not be allowed to refer to or rely upon any

---

sanctions related thereto. Thus, the Court considered spoliation, prejudice caused by spoliation, and the need for sanctions based upon spoliation separately under this section of the Rules. The Court's finding of no prejudice based on Defendants' failure to comply with the strict deadline set in its March 20, 2025, Order is based solely on what Defendants could produce at the time of the Order as the ESI had already been spoliated. The Court's Rule 37(b)(2) analysis regarding prejudice does not excuse Defendants' other conduct in this action nor does it impact the Court's finding of prejudice related to spoliation of evidence.

[12] Defendants' compliance with the Court's Order regarding production of non-privileged communications should indeed be prompt. If Defendants need an extension to comply with this Order, they should file a Motion with the Court setting out good cause for their request for extension and specifically why they could not comply with the Court's generous deadline for providing Plaintiff with non-privileged materials. Considering Defendants' conduct in discovery throughout this action, extensions will not be granted without good cause and will not be viewed favorably by the Court.

claimed communication or policy that was not properly preserved.  The Court finds that this remedy adequately addresses Defendants' misconduct in this action, and that further sanctions are not warranted under Rule 37(b)(2).  Accordingly, to the extent that Plaintiff's Motion for Rule to Show Cause and Sanctions seeks additional sanctions based on Defendants' failure to comply with the Court's March 20, 2025, Court Order, her motion is denied.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Finding of Spoliation of Evidence [137] is **GRANTED IN PART** and **DENIED IN PART** and Plaintiff's Motion for Rule to Show Cause and Sanctions [180] is **GRANTED IN PART** and **DENIED IN PART**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 3, 2026
Spartanburg, South Carolina